UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT SANCHEZ,<br><br>         Plaintiff,<br><br> v.<br><br>ISIDRO BACA, et. al.,<br><br>         Defendants. | 3:14-cv-00283-RCJ-WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

   This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4. Before the court is Defendants' Motion for Summary Judgment. (ECF No. 24.)[1] Plaintiff has not filed a response.

   After a thorough review, the court recommends that Defendants' motion be granted.

## **I. BACKGROUND**

   At all relevant times, Plaintiff was an inmate in the custody of the Nevada Department of Corrections (NDOC). (Pl.'s Compl., ECF No. 4.) He is a pro se litigant and brings this action pursuant to 42 U.S.C. § 1983 concerning conduct that occurred while he was housed at Northern Nevada Correctional Center (NNCC). (*Id*.) Defendants are: Isidro Baca, John Henley, and Anthony Vaccaro. (*See id.*; Screening Order, ECF No. 3.) Plaintiff was allowed to proceed with an Eighth Amendment claim related to his conditions of confinement in Count I against Vaccaro, and a retaliation claim against Baca and Henley in Count II. (ECF No. 3.)

   In Count I, Plaintiff alleges that on January 11, 2014, a portion of the concrete ceiling in the Unit 4B showers fell off and nearly hit another inmate. (ECF No. 4 at 4.) That inmate reported the incident to Vaccaro, who failed to post warning signs. (*Id*.) Later that day, a plate-

---

[1] Refers to court's electronic case filing (ECF) number.

sized piece of concrete fell off the ceiling and struck Plaintiff in the head when he attempted to use the showers. (*Id*.) As a result, Plaintiff contends he suffered a traumatic injury including "possible permanent cerebral and cervical damage." (*Id*. at 3-4.)

In Count II, Plaintiff alleges that Baca institutionalized "pushback" and retaliation to deter inmates. (ECF No. 4 at 5.) Sergeant Henley and other officers staged "a psychological government pushback by staging a show of unity and power against [Plaintiff]" for his attempt to redress his grievance against the prison. (*Id*.) Then, Plaintiff was locked in the "hole" for his whistle-blowing and redress of grievances. (*Id*.)

Defendants move for summary judgment as to Plaintiff's claims. (ECF No. 24.)

## II. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). In considering a motion for summary judgment, all reasonable inferences are drawn in favor of the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On the other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1)(A), (B).

1    If a party relies on an affidavit or declaration to support or oppose a motion, it "must be
2 made on personal knowledge, set out facts that would be admissible in evidence, and show that
3 the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).
4    In evaluating whether or not summary judgment is appropriate, three steps are necessary:
5 (1) determining whether a fact is material; (2) determining whether there is a genuine dispute as
6 to a material fact; and (3) considering the evidence in light of the appropriate standard of proof.
7 *See Anderson*, 477 U.S. at 248-250. As to materiality, only disputes over facts that might affect
8 the outcome of the suit under the governing law will properly preclude the entry of summary
9 judgment; factual disputes which are irrelevant or unnecessary will not be considered. *Id*. at 248.
10    In deciding a motion for summary judgment, the court applies a burden-shifting analysis.
11 "When the party moving for summary judgment would bear the burden of proof at trial, 'it must
12 come forward with evidence which would entitle it to a directed verdict if the evidence went
13 uncontroverted at trial.'...In such a case, the moving party has the initial burden of establishing
14 the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp.*
15 *Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations
16 omitted). In contrast, when the nonmoving party bears the burden of proving the claim or
17 defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate
18 an essential element of the nonmoving party's case; or (2) by demonstrating the nonmoving party
19 failed to make a showing sufficient to establish an element essential to that party's case on which
20 that party will bear the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-
21 25 (1986).
22    If the moving party satisfies its initial burden, the burden shifts to the opposing party to
23 establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v.*
24 *Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a genuine dispute of
25 material fact, the opposing party need not establish a genuine dispute of material fact
26 conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a
27 jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv.,*
28 *Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and

citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Id*. Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

> That being said,
> [i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

At summary judgment, the court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine dispute of material fact for trial. *See Anderson*, 477 U.S. at 249. While the evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in its favor," if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id*. at 249-50 (citations omitted).

Summary judgment may not be granted based only on the failure to file an opposition. *See Heinemann v. Satterberg*, 731 F.3d 914, 916-17 (9th Cir. 2013). A failure to respond, however, "'authorizes the court to consider a fact as undisputed.'" *Id*. at 916 (quoting Fed. R. Civ. P. 56 Advisory Committee Notes (2010)).

### III. DISCUSSION

**A. Count I**

The Eighth Amendment prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. "It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth

Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993); *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

Although conditions of confinement may be restrictive and harsh, they may not deprive inmates of "the minimal civilized measures of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *see also Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982).

Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and subjective component. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer*, 511 U.S. at 834 (citation omitted). Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id*. at 837. Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 835.

Here, Vaccaro provides a declaration concerning the events described in Plaintiff's complaint. He states that when an inmate suffers an injury, submits an emergency grievance or when some other incident occurs during his shift, he must document the event in his Daily Shift Log on NOTIS. (Vaccaro Decl., ECF No. 24-9 ¶ 4.) Vaccaro was not working on January 12-14, 2014. (*Id*. ¶ 5.) He was on duty on January 11, 2014. (*Id*.) He has no recollection of the inmate Plaintiff refers to explaining to him that there was a problem with ceiling concrete in the unit's showers that date. (*Id*. ¶ 6.) If that information was communicated to him, he would have documented it in his Daily Shift Log, and the log is devoid of such an entry. (*Id*.; ECF No. 24-10.) He does not recall any issue coming to his attention regarding any ceiling problem in the

1    unit's showers before Plaintiff's alleged incident on January 14, 2015. (Vaccaro Decl., ECF No.
2    24-9 ¶ 7.)
3        Plaintiff did not oppose the motion; therefore, the facts contained within Vaccaro's
4    declaration may be considered undisputed. There is no evidence in the record that Vaccaro knew
5    of and disregarded a risk to Plaintiff's safety. As a result, summary judgment should be granted
6    in Vaccaro's favor as to the Eighth Amendment claim in Count I.
7    **B. Count II**
8        A retaliation claim under section 1983 requires that an inmate plaintiff establish: (1) the
9    defendant took adverse action against him; (2) because of; (3) the inmate's protected conduct,
10   and such action; (4) chilled the inmate's exercise of his First Amendment rights; and (5) the
11   action did not reasonably advance a legitimate correctional goal. *Jones v. Williams*, 791 F.3d
12   1023, 1035 (9th Cir. 2015).
13       "The First Amendment guarantees a prisoner a right to seek redress of grievances from
14   prison authorities as well as a right of meaningful access to the courts." *Id*. (citing *Bradley v.*
15   *Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995)).
16       An inmate must submit evidence, either direct or circumstantial, to establish a link
17   between the exercise of constitutional rights and the allegedly retaliatory action. *Pratt v.*
18   *Rowland,* 65 F.3d 802, 806-07 (9th Cir. 1995). A plaintiff's mere speculation that there is a
19   causal connection is not enough to raise a genuine dispute of material fact. *See Nelson v. Pima*
20   *Community College*, 83 F.3d 1075, 1081-82 (9th Cir. 1996).
21       In support of their motion, both Baca and Henley have submitted declarations. According
22   to Baca, when an inmate suffers an injury which no NDOC personnel witness, it is assumed it
23   was a result of inmate-on-inmate violence, and to avoid further confrontation and protect the
24   injured inmate and conduct an investigation, it is NDOC policy to place an injured inmate in
25   administrative segregation. (Baca Decl., ECF No. 24-11 ¶ 4, citing Administrative Regulation
26   (AR) 507.01(1)(B).) He asserts that it is within the discretion of the warden, associate warden or
27   shift supervisor to order an inmate into administrative segregation. (*Id*. ¶ 6.) Baca never ordered
28   Plaintiff into administrative segregation on January 15, 2014. (*Id*. ¶ 9.) Instead, Associate

1  Warden Lisa Walsh ordered Plaintiff into administrative segregation. (*Id*.) He was advised that
2  he would be seen before the classification committee on January 22, 2014. (ECF No. 24-12.) The
3  notice stated that he was placed in administrative segregation pending an investigation for an
4  assault. (*Id*.) Plaintiff was subsequently seen by the classification committee, per NDOC policy,
5  (which did not include Baca or Henley), and the committee removed Plaintiff from
6  administrative segregation on January 21, 2014. (Baca Decl., ECF No. 24-1 ¶¶ 10-11; ECF No.
7  24-13.)
8    Henley reiterates Baca's statements regarding NDOC policy to admit an inmate to
9  administrative segregation when he suffers an injury that is not witnessed by staff. (Henley
10 Decl., ECF No. 24-14 ¶ 3.) On January 15, 2014, Henley was an on-duty shift supervisor, and
11 was made aware that Plaintiff suffered an injury to his head on January 14, 2014. (*Id*. ¶ 4.) He
12 noticed that no NDOC personnel had witnessed the incident, and so he requested authorization
13 from an associate warden to transfer Plaintiff to the administrative segregation unit. (*Id*.) On
14 January 15, 2014, Associate Warden Lisa Walsh approved and ordered the transfer. (*Id*. ¶ 5.)
15 Henley then ordered the officers to escort Plaintiff to the administrative segregation unit. (*Id*.) He
16 had no knowledge of Plaintiff's January 15, 2014 emergency grievance which related to
17 Plaintiff's January 14, 2014 incident. (*Id*. ¶ 6.)
18   Again, Plaintiff did not oppose Defendants' motion. Therefore, Baca's statement that he
19 was not involved in placing Plaintiff in segregation is taken as undisputed. As a result, Baca took
20 no adverse action against Plaintiff, and Plaintiff's retaliation claim against him fails. Henley's
21 statement that he was merely following NDOC procedure in placing Plaintiff in administrative
22 segregation is also taken as undisputed, as is the statement that he did not know about Plaintiff's
23 grievance. Therefore, it cannot be said that Henley placed Plaintiff in administrative segregation
24 because he was filing grievances.
25   For these reasons, the court recommends that summary judgment be granted as to the
26 retaliation claims in Count II against Henley and Baca.
27   As a result of the court's findings, it need not reach Defendants' arguments relative to
28 Plaintiff's exhaustion of his administrative remedies.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **GRANTING** Defendants' Motion for Summary Judgment (ECF No. 24).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: December 4, 2015.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE